[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter concerns a claim by the plaintiff for an unpaid balance allegedly due under a contract for installation of flooring materials at the defendant's office facility located in Fairfield, CT Page 16778 Connecticut. In response to the plaintiff's complaint, defendant filed an answer denying any liability and asserting a counterclaim in two counts predicated upon poor workmanship, negligent performance and seeking damages. The contract was entered into between the parties on December 2, 1999 as set out in Plaintiff's Exhibit 1. This followed visits to the plaintiff's place of business by defendant and his wife to select the various types and styles of floor coverings as was enumerated in the exhibit. The contract price was initially agreed to be $13,191.70 but this was later reduced to $12,179.40 by the plaintiff following certain complaints expressed by the defendant as the installation progressed.
After the work was completed on February 23, 2000 an invoice was supplied by the plaintiff through its president Edward Krupienski to the defendant setting out the amended contract price (P. Ex. 2) and on March 24, 2000, the plaintiff received the defendants check for $8,149.40 (P. Ex. 3) which referenced the plaintiff's invoice number leaving a balance of $4,000. It is this amount which the plaintiff seeks to recover as the balance due on the contract price. The evidence offered at the trial also includes a check from the defendant to the plaintiff (P. Ex. 4) in the full amount of the balance of $10,179.40 (presumably $2,000 was paid at the outset of the contract performance as a deposit) but this check dated March 8, 2000 was never delivered to the plaintiff. The defendant explained that after writing it, he decided that he should hold back part of the balance due but neither check and particularly the check for $8179.40 made any reference to any dissatisfaction with the work performed by the plaintiffs' employees. The plaintiff corporation through its president believed that its employees had corrected any items that the defendant had complained about during the course of the work or upon completion. The work performed took place over a period of two months and was completed while the defendant's premises were in the process of being constructed. This was a new office facility for the defendant's practice of plastic surgery.
Employees of the plaintiff who participated in the performance of the contract testified that many trades were involved and work conditions were somewhat chaotic, causing concern that damage to the newly laid flooring might occur if trades people were allowed to move over it. However, the instructions to the, employees of the plaintiff were to get the job done as soon as possible. The defendant testified that he visited the job site 2 — 3 times a day. Items were pointed out by the defendant from time to time which he didn't like and the testimony of several of the plaintiff's CT Page 16779 employees was to the effect that they attempted to remedy the complaints. One of the problems concerned the walls of drywall construction which undulated and made the installation of the specified baseboard molding impossible as originally supplied. The defendant later supplied his own products and received an adjustment in the contract price. Upon completion, the defendant's wife was advised to mop and wax to seal the floors but this was not done for some several months following the installation. See Defendant. Ex. G. No more complaints regarding plaintiff's work were recorded until the plaintiff brought this action to recover the balance due.
Both the plaintiff and the defendant offered testimony from flooring experts whose opinions as to the quality of the plaintiff's workmanship and installation methods varied according to the side of the controversy they represented. One Robert Adamowicz, a floor covering inspector called by the defendant inspected the premises some 10 months after the work was completed and concluded that in his opinion the installation was not done in a workmanlike fashion but he found the walls "wavy" which produced spaces where the floor tile met the wall and also indicated that people walking on the newly-laid floor could affect the placement of the tile thus to some extent confirming the plaintiffs concerns as the installation was proceeding.
The plaintiffs installers were men of lengthy experience, as to installing the materials called for in the contract and the plaintiff had previously worked for the defendant at another location of the defendant with apparently no complaints. See Def. Ex. C. The installers were also familiar with construction requirements for doctors offices as they had laid flooring at several hospital operating rooms in the area. From experience, they knew the manufacturers directions for proper installation and performed in accordance therewith. Evidence consisting of photographs showing the flooring in question and claimed defects were all taken more than a year following the installation and after the premises were occupied as an office by the defendant. Likewise, the plaintiffs expert testified as to their opinions based upon their inspections which were conducted a considerable time after the completed installation.
The passage of a number of months with no complaints following completion of the work, the change of heart regarding the payment of the invoice submitted by the plaintiff, and the use by the defendant without any remedial steps being taken in the interim between completion and institution of litigation suggests to the CT Page 16780 court that the proof of defective performance testified to by the defendant's witnesses falls short of the level required to establish that degree of credibility necessary to support the defendant's allegations of negligence and breach of contract on the part of the plaintiff.
In short, the court accepts the evidence offered by the plaintiff and concludes that the plaintiffs employees performed the contract with the defendant in a sufficiently workmanlike manner, to entitle the plaintiff to the balance of the contract funds. Judgement may enter in favor of the plaintiff in the amount of $4,000.
The court does not find the allegations of the defendants counterclaim to have been established by a preponderance of the evidence and accordingly finds for the plaintiff on the counterclaim.
George W. Ripley II Judge Trial Referee